IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin W. McDaniels, #14256-171, ) | C/A No. 2:14-4636-TLW-MGB |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Judge Shiva Hodges; Judge Derham Cole, ) | |
| Defendants. ) | |

Kevin W. McDaniels ("Plaintiff"), proceeding pro se, brings this civil action alleging violations of his constitutional rights. Plaintiff is currently incarcerated at the Federal Correctional Institution in Otisville, New York. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges he was arrested on March 11, 2006, and placed in the wrong custody (the South Carolina Department of Corrections) from January 2007 until September 2009. [Doc. 1 at 1.] Plaintiff alleges he has filed pleadings without success in the state court, the United States District Court, the United States Court of Appeals and the United States Supreme Court because he is "factually innocent of the crime." [*Id.* at 1–2.] He alleges that Judge Shiva Hodges ("Hodges"), a magistrate judge of the United States District Court, and Judge Durham Cole ("Cole") of the Spartanburg County state court have participated in a civil conspiracy to keep him falsely imprisoned by denying his access to the courts to present his non-frivolous legal claim. [*Id*.] He seems to allege that Cole has ordered that Plaintiff cannot litigate his claim until he returns to state custody, which will be on September 11, 2020. [*Id*.; Doc. 14 at 1.] He contends that Hodges and Cole have

shown personal bias against Plaintiff and frustrated his attempts to litigate his innocence. [Doc. 1 at 1–2.] He complains of Hodges' actions taken in his lawsuits filed previously in this Court—*McDaniels v. Richland Cnty. Pub. Defenders Office*, C/A No. 1:12-6-TMC-SVH and *McDaniels v. South Carolina*, C/A No. 1:14-4197-TLW-SVH. [Doc. 8.] Moreover, he complains that he unfairly has been charged $350 for filing his action. [Doc. 1 at 1–2.]

Plaintiff requests that the Court of Appeals order that both judges be removed from the bench. [*Id*.] He further requests damages based on the violation of his constitutional rights. [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2)

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

### I. SUMMARY DISMISSAL

This action should be dismissed based on judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*,

771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, although Plaintiff alleges that Hodges and Cole entered into a civil conspiracy to deny his access to the courts, the alleged factual misconduct relates to each judge's judicial acts. Plaintiff alleges that Hodges has entered several incorrect orders in Plaintiff's cases filed in this Court. He also alleges that Cole has entered an incorrect order in one of Plaintiff's state cases. Entering an order within a court proceeding is an act normally performed by a judge and is considered to be a judicial act. Thus, because each Defendant's alleged misconduct arose out of his or her judicial actions, judicial immunity squarely applies and should bar this lawsuit.

## II. PENDING MOTIONS RELATED TO FEES

Plaintiff filed two motions to request reimbursement of the filing fees, postage, and copy fees. [Doc. 8, 15.] These motions should be denied for the reasons stated by this Court in *McDaniels v. South Carolina*, C/A No. 1:14-4197-TLW-SVH. *See* Order, *Id*. at ECF No. 25.

**RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is further recommended that Plaintiff's motions at Docs. 8 and 15 be denied. **Plaintiff's attention is directed to the important notice on the next page.**

April 27, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).