IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kevin W. McDaniels, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 2:14-cv-04636-TLW |
| vs. ) | |
| ) | |
| Judge Shiva Hodges and Judge Derham ) | **ORDER** |
| Cole, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Kevin W. McDonald, proceeding pro se and *in forma pauperis*, filed this action on December 8, 2014, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on April 27, 2015, by Magistrate Judge Mary Gordon Baker (ECF No. 24) to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court summarily dismiss the complaint in this case without prejudice and without issuance and service of process. The Report also addresses two motions requesting reimbursement of filing fees, copy fees, and postage, recommending that they be denied. (ECF Nos. 8, 15). Plaintiff filed objections to the Report on May 7, 2015. (ECF No. 26). Also on May 7, 2015, Plaintiff filed a motion seeking reversal of the Magistrate Judge's ruling that Plaintiff must pay filing fees of $350.00. (ECF No. 27).

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of

1

those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. For the reasons stated in the Report, the Plaintiff's objections (ECF No. 27) are **OVERRULED**.[1] The Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process. Furthermore, the Plaintiff's two motions requesting reimbursement of filing fees, copy fees, and postage, are **DENIED.**

The Court has also reviewed the Plaintiff's motion seeking reversal of the Magistrate Judge's ruling that Plaintiff must pay filing fees of $350.00. (ECF No. 27). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without *pre*payment of fees or security but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a), (b). As a result, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
June 4, 2015                                                    Chief United States District Judge
Columbia, South Carolina

---

[1] To the extent Plaintiff alleges that he is actually innocent (see ECF No. 1), the Plaintiff has not provided the Court with any newly discovered evidence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013) (noting that actual innocence "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"

2